UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, | Case No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| BERRADA PROPERTIES MANAGEMENT, INC., and YOUSSEF BERRADA, | **[JURY DEMAND REQUESTED]** |
| Defendants. | |

Plaintiff, The Charter Oak Fire Insurance Company, for its Declaratory Judgment Complaint against Berrada Properties Management, Inc. and Youssef Berrada states and alleges as follows:

### INTRODUCTION

1. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and The Charter Oak Fire Insurance Company ("Charter Oak") seeks a determination whether Charter Oak has a duty to defend and/or indemnify Berrada Properties Management, Inc. ("BPM") and Youssef Berrada ("Berrada") with respect to the claims brought against BPM and Berrada by the Wisconsin Department of Agriculture, Trade and Consumer Protection in the matter currently pending in the Circuit Court of Milwaukee County, Wisconsin captioned *State of Wisconsin v. Berrada Properties Management Inc., et al.*, Case No. 2021CX00011 (the "Underlying *State of Wisconsin* Lawsuit"), a copy of which is attached as Exhibit A.

## THE PARTIES

2. Plaintiff The Charter Oak Fire Insurance Company is organized under and is domiciled in Connecticut and is authorized to transact business and has transacted business in the State of Wisconsin.

3. Upon information and belief, Berrada Properties Management, Inc. is a corporation organized under the laws of the State of Wisconsin with its principal place of business located at 10136 W. Fond du Lac Ave., Milwaukee, WI 53224.

4. Upon information and belief, Youssef Berrada, also known as Joe Berrada, resides at 7421 West Ridgeview Drive, Mequon, WI 53092.

## JURISDICTION AND VENUE

5. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

7. This Court has personal jurisdiction over Defendants.

8. Venue is proper in this District under 28 U.S.C. § 1391(b).

## JURY TRIAL

9. Plaintiffs demand a trial by jury.

## GENERAL FACTUAL BACKGROUND

10. BPM and Berrada (collectively, "Defendants") were named Defendants in the Underlying *State of Wisconsin* Lawsuit.

11. Berrada is the sole owner of over 171 LLCs, which combined own more than 8,000 apartment units in Wisconsin, mostly in Milwaukee and Racine.

12. BPM is a real estate management company that operates and manages all the apartment buildings in Wisconsin owned by LLCs created and solely owned by Berrada.

13. The Underlying *State of Wisconsin* Lawsuit alleges Berrada is employed by, acts as the agent of, and is the president and sole owner of BPM.

14. The Underlying *State of Wisconsin* Lawsuit alleges Berrada signs BPM management agreements on behalf of both BPM and the LLC that owns the rental property and has control over all of BPM's business practices.

15. The Underlying *State of Wisconsin* Lawsuit alleges conduct of the Defendants that span from approximately 2015 to 2020.

16. The Underlying *State of Wisconsin* Lawsuit alleges that the standard rental agreements used by Defendants include illegal rental provisions that require tenants to pay attorney and court fees for evictions, waive the landlord's duty to make repairs, and waive liability for negligent acts or omissions by the landlord contrary to Wisconsin Statutes and the Wisconsin Administrative Code.

17. The Underlying *State of Wisconsin* Lawsuit further alleges that Defendants conduct renovation projects at newly acquired buildings and push existing tenants out of those apartments by telling them they have to leave even though they have a contractual right to stay.

18. Defendants allegedly conduct the renovations in a way that makes it difficult for tenants such as restricting access to apartments and mail, creating hazards in entrances, walkways, and lawns, and causing noise air and visual pollution.

19. The Defendants allegedly illegally enter tenant apartments during renovations without proper notice to perform unnecessary renovations.

20. The Underlying *State of Wisconsin* Lawsuit alleges the Defendants deliberately confiscated the personal property of its tenants.

21. The Underlying *State of Wisconsin* Lawsuit further alleges that the Defendants charge and collect late rent fees of $100 who do not pay their rent on time which represents approximately 10% to 20% of the tenants' monthly rents.

22. The Underlying *State of Wisconsin* Lawsuit alleges Defendants' late fees are illegal because they are charged pursuant to a void rental agreement, are not authorized by the rental agreement the tenant signed, and/or are an illegal contract penalty.

23. Defendants also allegedly failed to return security deposits or make unauthorized deductions.

24. The Underlying *State of Wisconsin* Lawsuit alleges fourteen claims against BPM and Berrada as follows:

- Claim One alleges a violation of Wisconsin Administrative Code Section ATCP 134.08(4) for making tenants responsible for the landlord's attorney's fees in the rental agreements. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000. Each rental agreement provision that violates Wisconsin Administrative Code Section ATCP 134.08(4) is void and unenforceable.

- Claim Two alleges a violation of Wisconsin Administrative Code Section ATCP 134.08(6) for waiving landlord liability in the rental agreements. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000. Each rental agreement provision that violates Wisconsin Administrative Code Section ATCP 134.08(6) is void and unenforceable.

- Claim Three alleges a violation of Wisconsin Administrative Code Section ATCP 134.08(8) for waiving a landlord's duty to maintain in the rental

agreement. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000. Each rental agreement provision that violates Wisconsin Administrative Code Section ATCP 134.08(8) is void and unenforceable.

- Claim Four alleges a violation of Wisconsin Administrative Code Section ATCP 134.06(2) for failing to return security deposits for tenants' failure to give 30 days' notice to vacate. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Five alleges a violation of Wisconsin Administrative Code Section ATCP 134.06(3)(a) for unauthorized security deposit deductions. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Six alleges a violation of Wisconsin Administrative Code Section ATCP 134.06(3)(a) for withholding more than is reasonably necessary from security deposits. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Seven alleges a violation of Wisconsin Administrative Code Section ATCP 134.06(3)(a) for taking security deposit deductions that are not allowed by law. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Eight alleges a violation of Wisconsin Administrative Code Section ATCP 134.06(4)(a) for failing to provide an itemized statement of deductions. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Nine alleges a violation of Wisconsin Administrative Code Section ATCP 134.09(2) for unauthorized entry. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Ten alleges a violation of Wisconsin Administrative Code Section ATCP 134.09(7) for constructive eviction. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Eleven alleges a violation of Wisconsin Administrative Code Section ATCP 134.09(4) for confiscating personal property. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Twelve alleges a violation of Wisconsin Administrative Code Section ATCP 134.09(8)(a) for charging late fee not authorized by the rental agreement. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

- Claim Thirteen alleges a violation of Wisconsin Statutes Section 100.18 for fraudulent representations. Each violations carries a forfeiture of not less than $50 nor more than $200.

- Claim Fourteen alleges a violation of Wisconsin Statutes Section 100.195 for unfair billing. Each violation is subject to a forfeiture of not less than $100 nor more than $10,000.

25. The Underlying *State of Wisconsin* Lawsuit demands judgment against Defendants to pay restitution to impacted consumers suffering pecuniary loss, forfeitures, injunctive relief, and expenses of investigation and prosecution, including attorney's fees.

## **INSURANCE POLICIES**

26. Charter Oak issued a commercial insurance policy, Policy No. Y-SLS-8K972622-COF-18, to Berrada Properties Management, Inc. for the policy period July 9, 2018 to June 5, 2019 ("policy"). The policy included a commercial general liability ("CGL") coverage part, which contained Coverage A Bodily Injury and Property Damage Liability ("Coverage A") and Coverage B Personal and Advertising Injury Liability ("Coverage B"). A certified copy of the policy is attached as Exhibit B.

27. The policy provides the following CGL limits of insurance:

CG TO 01 11 03

**1. COVERAGE AND LIMITS OF INSURANCE:**

| COMMERCIAL GENERAL LIABILITY COVERAGE FORM | LIMITS OF INSURANCE |
|---|---|
| General Aggregate Limit (Other than Products-Completed Operations) | **$2,000,000** |
| Personal & Advertising Injury Limit | **$1,000,000** |
| Each Occurrence Limit | **$1,000,000** |

****

28. The policy provides the following pertinent CGL provisions:

CG 00 01 10 01

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our own discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   ****

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; ***

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury** [Modified by form CG D4 67 07 13]

   ****

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

7

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

    **\*\*\*\***

    b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions**

    This insurance does not apply to:

    a.  **Knowing Violation Of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    **\*\*\*\***

## SECTION II – WHO IS AN INSURED

1.  If you are designated in the Declarations as:

    **\*\*\*\***

    c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors and insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**\*\*\*\***

2.  Each of the following is also an insured:

    a.  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than your "executive officers" (if you are an organization other than a partnership, joint or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. * * *

**\*\*\*\***

## SECTION V - DEFINITIONS

3.  "Bodily injury" [Modified by form CG D4 67 07 13]

**\*\*\*\***

5.  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6.  "Executive officer" means a person holding any of the officer positions created by your charger, constitution, by-laws or any other similar governing document.

**\*\*\*\***

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**\*\*\*\***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" [Modified by form CG D4 71 01 15]

**\*\*\*\***

17. "Property damage" [Modified by form CG D2 56 11 03]

**\*\*\*\***

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

****

CG D4 71 01 15

# AMENDMENT OF COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

****

**PROVISIONS:**

**A. AMENDMENT OF DEFINITION OF PERSONAL AND ADVERTISING INJURY**

The following replaces the definition of "personal and advertising injury" in the DEFINITIONS Section:

"Personal and advertising injury" means "personal injury" or "advertising injury".

****

**G. ADDITIONAL DEFINITIONS**

The following is added to the DEFINITIONS Section:

"Personal Injury"

**a.** Means injury, other than "advertising injury", caused by one or more of the following offenses:

(**1**) False arrest, detention or imprisonment;

(**2**) Malicious prosecution;

(**3**) The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

b.  Includes "bodily injury" caused by one or more of the offenses described in Paragraph a. above.

****

CG D4 67 07 13

## XTEND ENDORSEMENT FOR SERVICE INDUSTRIES

****

**PROVISIONS**

****

**I. AMENDED BODILY INJURY DEFINITION**

The following replaces the definition of "bodily injury" in the DEFINITIONS Section:

"Bodily injury" means bodily injury, mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time.

****

**P. REASONABLE FORCE – BODILY INJURY OR PROPERTY DAMAGE**

The following replaces Exclusion a., Expected Or Intended Injury, in Paragraph 2. of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

a.  Expected or Intended Injury or Damage

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect any person or property.

****

CG D2 56 11 03

## AMENDMENT OF COVERAGE – PROPERTY DAMAGE

****

**PROVISIONS:**

The definition of "property damage" in SECTION V -- DEFINITIONS is deleted in its entirety and replaced by the following:

"Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; orb. Data stored on such media; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Property damage" does not include loss of or damage to "electronic media and records".

As used in this definition, "electronic media and records" means:

**a.** Electronic data processing, recording or storage media such as films, tapes, discs, drums or cells;

**b.** Data stored on such media; or

**c.** Programming records for electronic data processing or electronically controlled equipment.

****

29. Charter Oak agreed to defend BPM and Berrada under a reservation of rights in the Underlying *State of Wisconsin* Lawsuit pursuant to a full and complete reservation of rights.

30. There now exists a justiciable controversy capable of resolution by this Court concerning the scope of coverage available to BPM and Berrada under the policy of insurance issued by Charter Oak.

## COUNT I
## Declaratory Judgment – No Duty to Defend

31. Charter Oak realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

32. Charter Oak seeks a declaration that it has no duty to defend BPM and Berrada under the policy with respect to the Underlying *State of Wisconsin* Lawsuit pursuant to 28 U.S.C. § 2201.

33. No coverage exists under the policy because the Underlying *State of Wisconsin* Lawsuit does not seek damages as required under the insuring agreement of Coverage A and/ Coverage B, but rather seeks restitution, injunctive relief, forfeiture, or expenses of investigation and prosecution for which there is no coverage.

34. No coverage exists under the policy because the Underlying *State of Wisconsin* Lawsuit does not allege "property damage" or "bodily injury" within the meaning of the CGL Coverage A and does not allege "personal injury" within the meaning of the CGL Coverage B.

35. No coverage exists under the policy because even if the alleged deliberate confiscation of tenants' personal property is "property damage", which it is not, such conduct would not constitute an "occurrence" and Defendants' conduct is otherwise precluded by the CGL Coverage A expected or intended injury exclusion.

36. No coverage exists under the policy because even if the defendants' alleged conduct of pushing existing tenants out of apartments by telling them they have to leave even though they have a contractual right to stay and/or illegally entered tenant apartments

during renovations without proper notice constitutes "personal injury", which it does not, Defendants' conduct is otherwise excluded by the CGL Coverage B knowing violation of the rights of another exclusion.

37. Even if the Underlying *State of Wisconsin* Lawsuit alleged "property damage" or "personal injury" within the meaning of the CGL Coverages A and B, which it does not, no coverage exists under the policy to the extent any alleged "property damage" or "personal injury" occurred outside the policy period.

38. No coverage exists under the policy to the extent Youssef Berrada is not an "insured".

39. As coverage is precluded under the Charter Oak policy, Charter Oak has no duty to defend BPM and Berrada with respect to the Underlying *State of Wisconsin* Lawsuit.

40. Should the Court determine that Charter Oak has no duty to defend BPM and Berrada under the Charter Oak policy as set forth above, Charter Oak should be awarded reimbursement of the defense costs paid to BPM and/or Berrada, or on BPM's and/or Berrada's behalf in connection with the Underlying *State of Wisconsin* Lawsuit.

## COUNT II
### Declaratory Judgment – No Duty to Indemnify

41. Charter Oak realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

14
Case 2:22-cv-00224-JPS   Filed 02/23/22   Page 14 of 17   Document 1

42. Charter Oak seeks a declaration that it has no duty to indemnify BPM and Berrada with respect to the Underlying *State of Wisconsin* Lawsuit under the policy pursuant to 28 U.S.C. § 2201.

43. No coverage exists under the policy because the Underlying *State of Wisconsin* Lawsuit does not seek damages as required under the insuring agreement of Coverage A and/ Coverage B, but rather seeks restitution, injunctive relief, forfeiture, or expenses of investigation and prosecution for which there is no coverage.

44. No coverage exists under the policy because the Underlying *State of Wisconsin* Lawsuit does not allege "property damage" or "bodily injury" within the meaning of the CGL Coverage A and does not allege "personal injury" within the meaning of the CGL Coverage B.

45. No coverage exists under the policy because even if the alleged deliberate confiscation of tenants' personal property is "property damage", which it is not, such conduct would not constitute an "occurrence" and Defendants' conduct is otherwise precluded by the CGL Coverage A expected or intended injury exclusion.

46. No coverage exists under the policy because even if the defendants' alleged conduct of pushing existing tenants out of apartments by telling them they have to leave even though they have a contractual right to stay and/or illegally entered tenant apartments during renovations without proper notice constitutes "personal injury", which it does not, Defendants' conduct is otherwise excluded by the CGL Coverage B knowing violation of the rights of another exclusion.

47. Even if the Underlying *State of Wisconsin* Lawsuit alleged "property damage" or "personal injury" within the meaning of the CGL Coverages A and B, which it does not, no coverage exists under the policy to the extent any alleged "property damage" or "personal injury" occurred outside the policy period.

48. No coverage exists under the policy to the extent Youssef Berrada is not an "insured".

49. As coverage is precluded under the Charter Oak policy, Charter Oak has no duty to indemnify BPM and Berrada with respect to the Underlying *State of Wisconsin* Lawsuit.

50. Charter Oak alleges that coverage under the Charter Oak policy identified above may be barred or precluded, or limited by virtue of the provisions, exclusions, definitions, terms, conditions and limitations, including the applicable limits of liability and aggregate limits, deductibles, retentions and other provisions, limitations and exclusions contained in the Charter Oak policy. These policy provisions, exclusions, definitions, terms, conditions and limitations are too voluminous to itemize and are therefore incorporated by reference.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Charter Oak Fire Insurance Company, respectfully request that this Court enter judgment as follows:

A. Declaring that Charter Oak has no duty to defend BPM and Berrada for the claims brought against BPM and Berrada in the Underlying *State of Wisconsin* Lawsuit.

B. Awarding Charter Oak reimbursement of the defense costs paid to BPM, Berrada, or on BPM's or on Berrada's behalf in defending the Underlying *State of Wisconsin* Lawsuit.

C. Declaring that Charter Oak has no duty to indemnify BPM and Berrada with respect to the Underlying *State of Wisconsin* Lawsuit.

D. Awarding Charter Oak its costs, expenses, and reasonable attorneys' fees incurred in this litigation.

E. Awarding Charter Oak such other relief that this Court deems just and proper under the circumstances.

Dated: February 23, 2022

/s/ Stacy Broman
Stacy A. Broman, WISB#1041686
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Ste. 4400
Minneapolis, MN 55402
Tel: (612) 338-0661
Fax: (612) 338-8384
Email: sbroman@meagher.com

(*Counsel for Plaintiff The Charter Oak Fire Insurance Company*)